| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL II | | |
| AMG SECURITIES, LLC, JOSÉ EDISON FELICIANO TORRES, MELISSA PINET SALICRUP; POR SÍ Y EN REPRESENTACIÓN DE TODAS LAS PERSONAS IGUALMENTE SITUADAS<br><br>Demandantes-Peticionarios<br><br>Vs.<br><br>CENTRAL PARK GROUP, LLC, VENTURE URBAN GROUP LLC, TRIBECA CAPITAL GROUP LLC Y OTROS<br><br>Demandados-Recurridos | KLCE202500530 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. SJ2024CV10442<br><br>Sala: 804<br><br>Sobre:<br><br>SENTENCIA DECLARATORIA, DAÑOS, INCUMPLIMIENTO DE CONTRATO, PERSECUCIÓN MALICIOSA |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de mayo de 2025.

Comparece la parte peticionaria de título, y solicita la revocación de una *Orden* expedida por el Tribunal de Primera Instancia. Por medio del dictamen recurrido, el foro primario denegó la solicitud de remedios, costas y gastos de honorarios presentada del peticionario.

Conforme la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos … [ello] con el propósito de lograr su más justo y eficiente despacho…". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. En consideración a lo anterior, eximimos a la parte recurrida de presentar su alegato en oposición.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del presente recurso de *certiorari*.

-**I**-

En el contexto del presente litigio, la parte peticionaria solicitó el pago de ciertos gastos incurridos en diligenciar los emplazamientos. Aseguró que, el "incumplimiento" de la parte recurrida con la solicitud de renuncia al emplazamiento hizo efectivo su reclamo de costas. El Tribunal de Primera Instancia denegó la moción de remedios, costas, y gastos de honorarios de abogados presentada por la parte peticionaria. Igualmente, denegó la reconsideración solicitada.

Inconforme con el resultado, comparece la parte peticionaria ante este foro apelativo y apunta el siguiente error:

> Erró y abusó de su discreción el foro de instancia al no avalar la moción en solicitud de remedios, costas y gastos de honorarios de abogados de la parte recurrente, cuando del expediente de este caso surge inequívocamente que la parte recurrida no renunció al diligenciamiento del emplazamiento y, por ende, no actuó de conformidad con el texto diáfano de la Regla 4.5 de las de Procedimiento Civil.

Luego de examinar el escrito de la parte peticionaria, y los documentos que lo acompañan, estamos en posición de resolver el recurso promovido sin ulterior trámite. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *supra*.

-**II**-

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V; Regla 52.1, establece las circunstancias excepcionales en las que el Tribunal de Apelaciones está facultado para atender, mediante recurso de *certiorari*, determinaciones interlocutorias del Tribunal de Primera Instancia. *Municipio Autónomo de Caguas v. JRO Construction, Inc.*, 201 DPR 703, 710 (2019); *Job Connection Center v. Sups. Econo*, 185 DPR 585, 594-595 (2012). La Regla 52.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera

Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Distinto al recurso de apelación, el Tribunal de Apelaciones tiene la facultad de expedir el auto de *certiorari* de manera discrecional por de ordinario tratarse de asuntos interlocutorios. *Municipio Autónomo de Caguas v. JRO Construction, Inc.*, *supra*, pág. 711. Sin embargo, nuestra discreción debe ejercerse de manera razonable, al procurar siempre lograr una solución justa. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

El delimitar la revisión a instancias específicas tiene como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corp.*, 202 DPR 478, 486–487 (2019). Cualquier controversia que no esté dentro del ámbito de autoridad establecido en la regla, es revisable después de dictada la sentencia en el caso.

### -III-

A tenor con la Regla 52.1 de Procedimiento Civil, el recurso ante nos, no presenta una reclamación bajo las Reglas 56 y 57 de las de Procedimiento Civil. Tampoco constituye una denegatoria de una moción de carácter dispositivo. No involucra la admisibilidad de testigos de hechos o de peritos esenciales, ni asuntos relativos a privilegios reconocidos por nuestro derecho probatorio; ni tampoco una anotación de rebeldía ni asuntos de relaciones de familia. Véase, *Scotiabank de Puerto Rico v. ZAF Corporation, supra.* La

controversia tampoco reviste un asunto de interés público tal que justifique apartarnos de la política de revisión judicial limitada aplicable a asuntos interlocutorios. Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40; Véase, *Job Connection Center v. Sups. Econo, supra,* pág. 594; J.A. Cuevas Segarra, *Tratado de derecho procesal civil,* 2da ed., Pubs. J.T.S., 2011, T. IV, pág. 1503.

Estamos ante un dictamen interlocutorio no revisable mediante *certiorari,* pues, no contiene los elementos excepcionales que nos permitan acogerlo y atenderlo. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 594 (2011). En consecuencia, este recurso carece de cualquier base legal que permita nuestra intervención. Por tanto, es forzoso concluir que no podemos intervenir con la orden recurrida. *Scotiabank de Puerto Rico v. ZAF Corp., supra,* pág. 494.

Conforme a la normativa vigente, la parte peticionaria deberá canalizar el señalamiento de error mediante el vehículo procesal correspondiente.

### -*IV*-

Por los fundamentos antes expuestos, *denegamos* el recurso incoado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones